**James Oliver CAMERON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–73–24.**

Court of Criminal Appeals of Oklahoma.

Aug. 17, 1973.

Ollie W. Gresham, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Linda Frye, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, James Oliver Cameron, hereinafter referred to as defendant, entered pleas of guilty to three offenses of Robbery with Firearms in the District Court of Tulsa County, Case Nos. CRF–72–886, CRF–72–887 and CRF–72–888, his punishment was fixed at concurrent terms of fifteen (15) to forty-five (45) years imprisonment and from said judgments and sentences, a post-conviction appeal has been perfected to this Court.

Defendant asserts three propositions: that the trial court erred in accepting the pleas of guilty because the defendant was under the impression that he was going to receive a pre-sentence investigation; that defendant entered his pleas of guilty in reliance on promises by his attorney that since he had no prior convictions, he would only have to serve a two or three year term; and, that the pleas were not voluntary and were induced by persuasion and promises.

We have carefully examined the transcript of the pleas of guilty and are of the opinion that defendant's propositions are without merit. The record reflects that the trial court meticuously explained the defendant's constitutional rights prior to accepting the pleas of guilty. Defendant, a forty-one year old college graduate with counsel present, acknowledged his guilt of each of the three offenses. Thereupon the

following dialogue occurred between the defendant and the trial court:

"THE COURT: Now, these charges carry a minimum of five to a maximum of death or maybe not death or a maximum of any number of years, depending upon the United States Supreme Court rulings. And you are aware, of course, of the situation as far as the United States Supreme Court purporting to abolish the death penalty?

"THE DEFENDANT: Yes, I am.

"THE COURT: And are you entering your plea of guilty knowing in advance of your plea of guilty what the State will recommend as far as a sentence is concerned?

"THE DEFENDANT: Yes, I know it.

"THE COURT: And your lawyer has told you what the recommended sentence will be?

"THE DEFENDANT: Yes, he has.

"THE COURT: It will be a *long time* in the penitentiary and you are not going to get probation, you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: And that you know that you will have to go to the penitentiary if the Court accepts your plea of guilty?

"THE DEFENDANT: Yes.

"THE COURT: Now, you have stated that you along with other persons, have committed these offenses and I would inquire, you have been out on bond?

"THE DEFENDANT: Yes, I have.

"THE COURT: And I would ask you if you are under the influence of any type of medication, drugs or alcohol?

"THE DEFENDANT: No.

"THE COURT: Or anything that could interfere with your mental processes that you would not completely and fully understand these proceedings?

"THE DEFENDANT: No.

"THE COURT: Are you aware that if you enter a plea of guilty that the Court will immediately, and the Court accepts your plea, the Court will immediately remand you to custody?

"THE DEFENDANT: Well, I was not entirely aware of that.

"THE COURT: Because you cannot appeal, you cannot appeal a plea of guilty and receive bond, you understand?

"THE DEFENDANT: Yes, I do.

"THE COURT: So if you enter a plea of guilty you are not under any delusion or misapprehension that if you enter a plea of guilty you could go ahead and appeal the cases and remain on bond?

"THE DEFENDANT: No, I didn't understand that. I thought that I could receive a date in the very near future for a sentencing time.

"THE COURT: Is that within the agreement with counsel?

"MR. HOPPER: Mr. Harris indicated, Your Honor, he would like to have sentencing set for next Wednesday. We would have no objection if they get the bond reendorsed.

"THE COURT: Is the bondsman present to re-endorse the bond?

"MR. HARRIS: It is not a bondsman, if it please the Court, it is a personal friend that made a property bond. We have sent for him; he will be in just as soon as he can get in, within the next hour and a half or so.

"THE COURT: You desire that sentence be deferred or should I pronounce sentence and then stay the execution of the sentence until Wednesday?

"MR. HOPPER: I would suggest that you go ahead and pronounce sentence and stay it until Wednesday.

"THE COURT: And the State has no objection to him remaining out provided the bond is re-endorsed?

"MR. HOPPER: Not if the bond is re-endorsed.

"THE COURT: Now, do you have any other questions about the proceeding?

"THE DEFENDANT: Yes, I would like to have an opportunity before sen-

tencing to have a hearing as to my—the amount of the penalty that has been discussed.

"THE COURT: Well, now, I have told you that your attorney has told you what the amount of sentence would be and I will tell you this, that I will sentence you to that amount or I will permit you to withdraw your plea of guilty. I have no desire to trap you into thinking that you are going to receive one sentence and then raise that amount, do you understand?

"THE DEFENDANT: *Yes, I do.*

"THE COURT: Briefly I will inquire if your attorney didn't tell you that the State, after his conference with the State, that they have notified you and you have been notified for sometime that if you entered the plea of guilty and the plea of guilty is free and voluntary that you would receive *not less than 15 nor more than 45 years* in the State penitentiary.

"THE DEFENDANT: That is true.

"THE COURT: Is that not the term that your attorney has suggested to you that the State would recommend?

"THE DEFENDANT: *Yes, it is.*

"THE COURT: And I will follow that recommendation or allow you to withdraw your plea of guilty. Do you have anything to say at this time or do you know of any reason why judgment and sentence should not be pronounced? You of course, understand that a co-defendant was tried and he received—

"THE DEFENDANT: *Yes, I understand.*

"THE COURT: He received a sentence before a jury. If you plead guilty, of course, you are in a more difficult position than a defendant that receives his verdict at the hands of the jury because you can't take advantage, generally, of any error. Most judges can receive a plea of guilty and make a valid judgment and sentence based upon that plea and it is very very difficult and very very un-

usual that the sentence be overturned if the defendant was aware, was competent, the Court had jurisdiction of the case and the punishment was within the range set out by statute. So, that is why I want to let you know that it would be almost impossible to get the sentence overturned.

"THE DEFENDANT: Yes, I understand that.

"THE COURT: And are you ready at this time for the Court to pronounce judgment and sentence?

"THE DEFENDANT: Yes." (Tr. 5–10) (Emphasis added)

We, thus, conclude that defendant freely and voluntarily entered pleas of guilty with full knowledge of the sentences to be imposed by the court. The judgments and sentences are affirmed.

BLISS, P. J., and BRETT, J., concur.